UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICARDO G. COOPER,
#117378,

       Plaintiff,                                    Civil Action No. 22-cv-12921
                                                    HON. BERNARD A. FRIEDMAN

v.

DIANNE M. CANTERBURY-MILLER,
et al.,

       Defendants.
_____/

**OPINION AND ORDER PARTIALLY DISMISSING THE COMPLAINT**

Ricardo G. Cooper's commenced this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Cooper is incarcerated with the Michigan Department of Corrections and is proceeding *in forma pauperis*. He is suing three defendants – Dianne M. Canterbury-Miller, RN Chris R. Reed, and NP Gonzalez (first name unknown) – for exhibiting deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

For the following reasons, the Court shall dismiss Gonzalez from the complaint.

**I.**      **Background**

Cooper alleges that on August 27, 2019, he tripped over a prison door stopper and broke all the fingers in one hand. (ECF No. 1, PageID.2.) He was permitted to go to the medical unit, where RN Dianne M. Canterbury-Miller briefly examined him, provided him with band-aids, and offered him a few Tylenol and Ibuprofen. (*Id.* at PageID.2, 6.) Cooper remained in intense pain and the next day was permitted to go to the medical unit to retrieve an ice pack. (*Id.*) RN Reed provided him copies of the order granting him ice packs. Reed otherwise failed to treat him. (*Id.* at PageID.6.)

Cooper's hand continued to severely swell, causing him pain and preventing him from sleeping. (*Id.*) He sought treatment again on August 29, and a corrections officer spoke to Reed on his behalf. (*Id.*) Reed informed the corrections officer that the injury was "not life-threatening" and to have Cooper send a medical kite. (*Id.*) The corrections officer consulted with the shift commander, Captain Proctor, who escorted Cooper to the medical unit. (*Id.*)

Gonzalez initially learned of Cooper's injury at this time. She examined Cooper's hand and immediately ordered a series of X-rays; she instructed Canterbury-Miller to wrap Cooper's hand in an Ace bandage; and she complained that the medical staff should have attended to Cooper's injury more effectively. (*Id.* at PageID.3, 6.)

Cooper received the X-ray results on September 3, which confirmed that he had broken all the fingers in his hand. (*Id.* at PageID.6-7.) He was then transported to Dwayne Waters Hospital on September 6. (*Id.* at PageID.7.) Cooper maintains that a physician never evaluated his injuries, that he suffers from severe pain, and that he has lost significant use of his hand. (*Id.* at PageID.3, 7). He now seeks compensatory and punitive damages because of his injuries. (*Id.* at PageID.4).

**II.**     **Legal Standards**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. William*s, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the

relief sought." Fed. R. Civ. P. 8(a)(2), (3). The rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations omitted). While such notice does not require detailed factual allegations, it does require more than bare legal conclusions. *Twombly*, 550 U.S. at 555.

**III.    Analysis**

To state a plausible section 1983 claim, the plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The deprivation must be intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Cooper's allegations against Gonzalez do not rise to the level of a plausible civil rights violation. Cooper asserts that Gonzalez examined his hand upon learning of his injury; that she immediately ordered X-rays; that she instructed Canterbury-Miller to wrap his hand in an Ace bandage; and that she complained to the medical staff about their deficient quality of care. (ECF No. 1, PageID.3, 6.).  These allegations, taken together, fail to state a plausible deliberate indifference claim against Gonzalez.

The remaining deliberate indifference claims against Reed and Canterbury-Miller will proceed, though, as they survive screening under 28 U.S.C. § 1915(e). Accordingly,

IT IS ORDERED that the complaint's allegations against Gonzalez are dismissed.

IT IS FURTHER ORDERED that the complaint may proceed against Chris Reed and Dianne M. Canterbury-Miller.

Dated: February 14, 2023
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on February 14, 2023.

**Ricardo G. Cooper** #117378
COOPER STREET CORRECTIONAL FACILITY
3100 COOPER STREET
JACKSON, MI 49201

s/Johnetta M. Curry-Williams
Case Manager