UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICARDO G. COOPER,<br><br>Plaintiff,<br><br>v.<br><br>DIANNE M. CANTERBURY-MILLER, *et al.*,<br><br>Defendants. | Case No. 22-cv-12921<br>Honorable Matthew F. Leitman<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER REQUESTING ASSIGNMENT OF PRO BONO COUNSEL**

Plaintiff Ricardo G. Cooper, proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that Defendants Dianne M. Canterbury-Miller and Chris R. Reed, both nurses for the Michigan Department of Corrections, were deliberately indifferent to his medical needs in violation of the Eighth Amendment. ECF No. 1. The Honorable Matthew F. Leitman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 45.

Under 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). Although a district court is vested with broad discretion

in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Courts seldom appoint counsel in a civil case absent a showing of "exceptional circumstances." *Id*. at 606. Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais,* 473 F. Supp. 2d 124, 125 (D. Me. 2007). Thus, there must be a showing of "exceptional circumstances." *Lavado*, 992 F.2d at 606.

To determine whether "exceptional circumstances" exist, the Court considers the nature of the case, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success. *Id.* Because courts consider the party's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), *objections overruled*, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).

Exceptional circumstances warrant appointing counsel here. Cooper alleges that he was denied adequate medical treatment for a broken hand.

Medical records verify that he sustained multiple fractures in his hand and wrist in the early morning hours of August 28, 2019.  ECF No. 39-3, PageID.184, 194.  Yet defendants gave him only over-the-counter pain medication, small bandages, and ice for his injury.  *Id.*, PageID.194-195; ECF No. 1, PageID.6; ECF No. 39-5, PageID.207.  It was not until the evening of August 30 that x-rays were taken and September 5 that Cooper was sent to the hospital.  ECF No. 39-3, PageID.165-170, 184.

The Court has recommended denying in part defendants' motion for summary judgment, finding that Cooper's individual-capacity Eighth Amendment claim against defendants has merit.  Should Judge Leitman adopt the recommendation, the case will proceed to trial.  Cooper has moved four times for appointment of counsel, recently explaining that he has been released from prison and no longer has access to a law library or other legal resources.  ECF No. 34.  Because the claim has merit and Cooper cannot represent himself at trial, appointment of counsel is warranted.  Other than any objections to this Court's recommendation to Judge Leitman, the case will be stayed for **30 days** while the Court attempts to obtain pro bono counsel.  If pro bono counsel is not obtained within **30 days**, the stay will be lifted, and Cooper will proceed pro se.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: 12/30/2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 3, 2025.

s/Davon Allen<br>
DAVON ALLEN<br>
Case Manager